IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **SHENTEL CONVERGED SERVICES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:12-cv-00027 |
| ) | |
| **CH 17, LLC,** ) | Judge Michael F. Urbanski |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant, by counsel, respectfully submits this Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction.

### INTRODUCTION

The basis for personal jurisdiction over Defendant provided by Plaintiff rests upon a contractual provision found in a contract between Plaintiff and another party. In order to argue that there is jurisdiction, Plaintiff must first assert that Defendant's predecessor in title assumed the contract and, second, that Defendant assumed the contract despite unambiguous writings to the contrary. Plaintiff attempts in its Memorandum of Law in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Response Brief") to persuade the Court to defer its decision on Defendant's motion until trial or, in the alternative, to deny the motion because Plaintiff has made a prima facie showing of personal jurisdiction over Defendant. Ultimately, however, Plaintiff's allegations fail to establish that there are disputed facts and leave before this Court only the question of law as to whether or not the forum selection clause is binding on Defendant. Accordingly, this motion is ripe for decision and Plaintiff has failed to

establish a prima facie showing that the Court has personal jurisdiction over Defendant and, therefore, the motion is ripe for decision and this action should be dismissed.

## ARGUMENT

### I. THE COURT SHOULD NOT DEFER RULING UPON PERSONAL JURISDICTION UNTIL TRIAL.

Plaintiff argues that because the "jurisdictional facts and the facts central to the merits of the case are intertwined," this Court should defer ruling on Defendant's motion until trial. (Resp. Br. p. 1.) This is improper because this standard would allow a plaintiff to come to court and make statements alleging jurisdiction over a party based upon information and belief with no allegations or evidence sufficient to establish even a prima facie case. With no forum to be heard until the time of trial, a defendant would then be forced to engage in expensive litigation in a forum which has no jurisdiction over the defendant and in which the defendant could not anticipate being sued. To support its argument, Plaintiff cites supporting cases; however, those cases mainly address subject matter jurisdiction instead of personal jurisdiction. *See Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Circ. 1982).

Further, Plaintiff argues that there are significant facts in dispute and a ruling from this Court would require a determination of the merits of the case. (Resp. Br. p 5.) Plaintiff attempts to argue that there is a factual dispute and that a decision on the merits is required, because Defendant denies Plaintiff's erroneous conclusion of law that Defendant assumed the Internet Services Agreement. The most critical fact to the case, according to decisions based on similar facts, however, is not even mentioned in Plaintiff's Response brief. *See Celanese Acetate, LLC v. Lexcor, Ltd.*, 632 F. Supp.2d 544 (W.D. North Carolina 2009) (quoting *Atofina Chemicals, Inc. v. Sierra Chemical Co.,* No. 03-2528, 2004 WL 739953 (E.D.Pa. Apr. 5, 2004); *Educational Visions, Inc. v. Time Trend, Inc.*, No. 1:02-cv-1146, 2003 WL 1921811 at *4 (S.D.Ind.Apr.17,

2

2003). This fact is that Defendant gave notice to the Plaintiff that the contract was not assumed and was terminated. Plaintiff never addresses the November 22, 2010 letter sent by Defendant to Plaintiff advising Plaintiff that Defendant did not assume the contract and would not be bound or operating under its terms ("November 22 Letter"). There is no dispute about this fact. Additionally, Plaintiff goes so far as to argue that the Court should not consider the Defendant's denials of the so-called facts alleged by Plaintiff supporting personal jurisdiction because to do so would be to allow the Defendant to avoid personal jurisdiction by simply filing an affidavit. (Resp. Br. p. 6.) It appears that Plaintiff is arguing that its complaint containing conclusory allegations unfounded in fact should be relied upon with no opportunity for the Defendant to be heard. The party from which Defendant bought the property did not contract with Plaintiff. Plaintiff makes the bare allegation that the contract was assumed by GGIP Phase I, LLC ("GGIP Phase I") (the selling entity) and <u>then</u> by Defendant. Whether or not the Internet Services Agreement was assumed is a question of law. Accordingly, as the facts are not in dispute, the Court can and should determine if there are sufficient allegations to support personal jurisdiction over Defendant.

     Plaintiff cites the case of *Lockwood Brothers, Inc. v. Arnold Speditions GMBH and Ziemann*, 453 F.Supp.2d 928 (E.D. Va. 2006) to support its argument that because the contract is the basis for personal jurisdiction over Defendant, the court should not rely upon the denials of Defendant that the contract was assumed. In the *Lockwood Brothers, Inc.* matter, the defendant, Arnold, contended that there was no contract; however, the evidence presented showed that Arnold had signed the contract in question. *Id.* at 931. Plaintiff cites *Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 761 F.Supp. 423 (E.D. Va. 1991) for further support; however, the court was discussing an argument not briefed by the parties and merely cited the

3

language quoted by Plaintiff in dicta. Plaintiff relies on these cases to support its argument that, because Defendant contends that no contract exists, then dismissal is improper at this stage of the proceedings. (Resp. Br., p. 7.) Defendant, however, does not allege that no contract exists. Instead, Defendant relies on the fact that there was a contract between Plaintiff and another entity concerning property purchased by Defendant, that the contract was not assumed and that Plaintiff was given clear, written notice that the contract was not assumed and that Defendant would not be operating under its terms. Interestingly, the party who actually signed the contract was not the owner of the property at the time. Simply because the Defendant disputes the conclusion of law alleged by Plaintiff that Defendant assumed the contract does not mean that Defendant's motion to dismiss is improper and should be deferred. In the cases discussed by Plaintiff and those discussed below, the federal courts have already addressed this issue by setting forth an easier standard for a plaintiff to survive a motion to dismiss for lack of personal jurisdiction when the decision is based on the pleadings, affidavits and briefs. Accordingly, Defendant's motion is properly before this Court and ripe for decision.

### II. PLAINTIFF HAS NOT MADE A PRIMA FACIE SHOWING THAT THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT.

Plaintiff correctly states that it need only make a prima facie showing of sufficient jurisdictional basis in order to survive a motion to dismiss for lack of personal jurisdiction over Defendant. To meet this burden, Plaintiff must "allege specific facts on which personal jurisdiction can be based; …" and "cannot rely on conclusory allegations." *Burman v. Phoenix Worldwide Indus., Inc, et al.* 437 F.Supp. 2d 142, 147 (D.C. 2006)(quoting *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34,42 (D.D.C. 2003). Although the standard is a lighter one than preponderance of the evidence, a plaintiff facing a motion to dismiss for lack of personal

jurisdiction cannot rely on vague, unsubstantiated claims based on belief. *Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Management, Ltd.*, 2009 WL 3366929 at *4 (U.S. E.D. Va. 2009). In order to defeat a motion to dismiss and establish a prima facie case of personal jurisdiction, there must be sufficient facts from which the court can determine whether the court can assert jurisdiction over a defendant. *See Id*. Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendant, the plaintiff is not even entitled to jurisdictional discovery to try to prove its case and dismissal for lack of personal jurisdiction is appropriate. *Luellen v. Gulick*, 2011 WL 7628537 (N.D. W. Va. 2011). *See also McLaughlin v. McPhail*, 707 F.2d 800 (4th Cir. 1983). A prima facie showing still requires sufficient evidence to render a reasonable conclusion in favor of the allegation Plaintiff asserts. BLACK'S LAW DICTIONARY, West Publishing Co., (1990). A plaintiff cannot simply rely on the pleadings to defeat a motion to dismiss for lack of personal jurisdiction but must present affidavits or other evidence outside of the pleadings to establish its prima facie showing. *Block Indus. v. DHJ Indus. Inc.*, 495 F.2d 256, 259, 260 (8th Cir. 1991).

      Plaintiff also emphasizes that the court must draw the most favorable inferences for the existence of jurisdiction. (Resp. Br. p. 5.) Plaintiff is correct that, in deciding a motion to dismiss for lack of personal jurisdiction, the Court is required to draw inferences in favor of the party asserting the claim. The Court, however, is not required to disengage from common sense, logic or documented facts to blindly accept a claimant's allegations and conclusions. Drawing reasonable inferences in favor of the plaintiff does not require a court to "credit conclusory allegations or draw farfetched inferences." *Masselli & Lane, PC v. Miller & Schuh, PA.*, 215

F.3d 1320 at 1 (4th Cir. May 30, 2000). This is exactly what Plaintiff is asking this Court to do in order to find that there is personal jurisdiction over Defendant.

The sole basis Plaintiff relies on for jurisdiction over Defendant is the forum selection clause in the Internet Services Agreement. In its Response Brief, Plaintiff briefly addresses a minimum contacts analysis under the Virginia Long Arm Statute but then offers not a single fact to support any contact between Defendant and Virginia. (Resp. Br. p. 8.) Plaintiff then cites *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174 (1985), to argue that personal jurisdiction may be waived by entering into a valid forum selection agreement. Defendant acknowledges that a forum selection clause agreed upon by two parties to a contract can be enforced against those two parties. *See Id.* The controlling factor here is that Defendant never agreed to or acted under the contract with the forum selection clause. On the contrary, Defendant never assumed the contract and gave Plaintiff express notice that it was not bound by the terms of the contract including the forum selection clause.

The Internet Services Agreement was not entered into by Defendant, was not agreed to or assumed by Defendant and was not impliedly assumed by Defendant. Accordingly, Plaintiff has failed to make a prima facie showing of personal jurisdiction over Defendant. Plaintiff's argument that it has stated a prima facie case of jurisdiction against Defendant is based upon unwarranted deductions of fact and improper conclusions of law cast as factual allegations. *See Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir. 1996), *Randall v. United States*, 30 F.3d 518,522 (4th Cir. 1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1956, 131 L.Ed.2d 849 (1995). The analysis for this court is not whether any inference or conclusion of law made by Plaintiff can support jurisdiction but whether reasonable inferences drawn from the pleadings and affidavits are sufficient to state a claim for jurisdiction. In this case, they are not.

### III. PLAINTIFF REQUIRES THE COURT TO MAKE TWO UNREASONABLE INFERENCES IN ORDER TO DENY DEFENDANT'S MOTION.

Plaintiff makes two conclusory allegations which do not allow reasonable inferences to be drawn by this Court.  First, Plaintiff makes the statement, which is not supported by any personal knowledge or evidence, that GGIP Phase I, which sold the property to Defendant, assumed the Internet Services Agreement that was entered into by Plaintiff's predecessor, NTC Communications, Inc. and Greater Greensboro Investment Properties, LLC ("GGIP").  There is no affidavit, document or other support for the mere guess Plaintiff states in its Complaint that, "At some point prior to November, 2010, GGIP Phase I became the successor in interest to GGIP and assumed the obligations of the Internet Services Agreement."  (Comp. ¶¶ 16-17.)  In order for Plaintiff to argue that there was a contract for Defendant to assume, it must first assert that GGIP Phase I assumed the contract between GGIP and Plaintiff and offer some evidence to make a prima facie showing.  There is nothing to support this argument except for a bare allegation made by Plaintiff in its complaint.  A reasonable inference does not mean that Plaintiff can make any statement it wishes without some personal knowledge of the alleged facts.  Assertions in the complaint that are conclusory and based on bare allegations in the face of specific denials by the Defendant do not establish the needed prima facie showing.  *See Luellen v. Gulick*, 2011 WL 7628537 (N.D. W. Va. 2011), *McLaughlin v. McPhail*, 707 F.2d 800 (4th Cir. 1983).  GGIP Phase I may have continued to use the services provided by Shentel, but there is no evidence that would allow this Court to even make an inference that GGIP Phase I assumed the Internet Services Agreement and the forum selection clause.

Second, Plaintiff seems to be arguing that because it is entitled to inferences and must only make a prima facie showing, it can refute three writings which expressly state that Defendant did not assume the contract with Plaintiff.  Again, a reasonable inference does not

7

require the Court to blindly accept Plaintiff's conclusions especially when they are contradicted not only by denials by Defendant but by written documents before this Court. *Luellen v. Gulick*, 2011 WL 7628537 (N.D. W. Va. 2011). *See also McLaughlin v. McPhail*, 707 F.2d 800 (4th Cir. 1983). One of these documents was directed to Plaintiff. The allegation by Plaintiff, which is made "upon information and belief," that Defendant expressly assumed the Internet Services Agreement is wrong and contradicted by the Agreement of Purchase and Sale dated September of 2010 (the "Agreement of Purchase and Sale") and the Bill of Sale under which Defendant obtained the apartment complex. The Internet Services Agreement was not attached to the Agreement of Purchase and Sale or the Bill of Sale and, therefore, was not assumed by Defendant. Despite affidavits filed by Defendant with its motion, Plaintiff still contests this fact. Accordingly, Defendant is submitting a second affidavit with a true copy of the Agreement of Purchase and Sale attached. In addition, in order to remove any question, despite Plaintiff's incorrect allegations about hearsay, Defendant submits an amended affidavit of Anthony Vulpi.

Despite Defendant's notice to Plaintiff that it had not assumed the Internet Services Agreement and would not perform under its terms, Plaintiff argues that because Defendant continued to use the services of Plaintiff after the November 22 Letter, it impliedly assumed the Internet Services Agreement. (Resp. Br. p. 12.) Plaintiff relies upon this Court's decision in *Frontline Test Equip., Inc. v. Greenleaf Software, Inc.* to bolster its argument that the forum selection clause should be enforced against Defendant. (Resp. Br. pp. 10-11.) 10 F. Supp. 2d 583, 588 (W.D.Va. 1998). In *Frontline Test Equip., Inc.*, the contract expired but the parties continued their relationship under the same terms. *Id.* at 586. This Court found that the parties continued to operate under the contract and, therefore, the forum selection clause would apply. *Id.* at 588. The critical distinguishing factor between the present case and the *Frontline Test*

*Equip., Inc.* case is that here, Defendant notified Plaintiff that it did not assume and was not bound to the contract with Plaintiff. No such communication was present in the *Frontline Test Equip., Inc.* action. Also, the defendant in that case actually signed the contract. Similarly, in *Klockner-Pentaplast of America, Inc. v. Roth Display Corp.*, the issue before the court was whether an individual who indicated responsibility for a debt owed under a contract with a forum selection clause was bound by the same. 860 F. Supp. 1119 (W.D. Va. 1994). The individual defendant, however, had notice of the terms and conditions of the contract between the parties, had appeared to indicate consent to the contract in writing, and had offered no evidence that it had terminated the contract with Plaintiff. *Id*. As there was no notice of termination but instead continued actions under the contract, the decisions in *Frontline Test Equip., Inc.* and *Roth Display Corp.* are distinguishable and not binding in this case. 10 F. Supp. 2d 583, 588 (W.D.Va. 1998); 860 F. Supp. 1119 (W.D. Va. 1994).

Even if there were some assumption of the Internet Services Agreement, the November 22 Letter clearly and manifestly indicated that Defendant rejected the Internet Services Agreement including the forum selection clause. *Celanese Acetate, LLC v. Lexcor, Ltd.*, 632 F. Supp.2d 544 (W.D. North Carolina 2009)(quoting *Luden's Inc. v. Local Union No. 6 of Bakery, Confectionary and Tobacco Workers' Intern*, 28 F.3d 347, 356 (3d Cir. 1994). While forum selection clauses have been enforced even after the contract containing the clause expired, the reasoning by the courts was that the parties continued to act under the terms of the contract and "of central importance was the fact that 'defendant never gave any indication that it no longer wished to be bound by the contract.'" *Celanese Acetate, LLC v. Lexcor, Ltd.*, 632 F. Supp.2d 544 (W.D. North Carolina2009) (quoting *Atofina Chemicals, Inc. v Sierra Chemical Co.*, No. 03-2528, 2004 WL 739953 (E.D. Pa. Apr. 5, 2004). In contrast to this case, a forum selection clause

9

was held not to apply when the parties had entered into a new oral agreement upon expiration of the written agreement containing the forum selection clause. *Educational Visions, Inc. v. Time Trend, Inc.*, No. 1:02-cv-1146, 2003 WL 1921811 at *4 (S.D.Ind.Apr.17, 2003). The court's reasoning in the *Educational Visions, Inc.* matter was based on the fact that the old agreement had expired and the new contract was based on a new business relationship. *Id*. at *4. One of the deciding factors in the case was that the defendant had informed the plaintiff that the old agreement was no longer in effect; therefore, the parties "formed and were bound by the new" oral agreement. *Id*. at *3-4.

In the case before this Court, Defendant informed Plaintiff by letter dated November 22, 2010 that it rejected the Internet Services Agreement between Plaintiff and GGIP. This notice thereby ended any possibility that Defendant might have assumed the Internet Services Agreement. When a defendant "clearly and manifestly" indicates through a notice that it no longer wishes to be bound by a contract, then there is no basis for a court to apply the contract terms beyond the date of termination. *Deutsche Fin. Serv. Corp. v. BCS Ins. Co.*, 299 F.3d 692 (8th Cir. 2002), *Celanese Acetate, LLC v. Lexcor, Ltd.*, 632 F. Supp.2d 544 (W.D. North Carolina 2009). This rationale applies even more strongly here because the Defendant was never a party to the contract. Before Plaintiff provided any services to Defendant after its acquisition, Plaintiff was on notice that Defendant did not assume the Internet Services Agreement and that it would not be bound by its terms. Any services provided by Plaintiff after this notice were provided under a new arrangement wherein Defendant paid Plaintiff on a month-to-month basis for services used. The forum selection clause, therefore, cannot be enforced when Plaintiff was aware that it was no longer operating under the terms of the Internet Services Agreement.

10

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order granting Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, award costs to Defendant and such other and further relief as the Court deems just and proper.

This the 29th day of May, 2012.

                                        Respectfully submitted,

                                        CH 17, LLC, by counsel:

                                        /s/ Rhodes B. Ritenour_____
                                        Rhodes B. Ritenour (Virginia Bar #71406)
                                        LeCLAIR RYAN
                                        Riverfront Plaza, East Tower
                                        951 East Byrd Street, Eighth Floor
                                        Richmond, VA 23219
                                        Telephone: 804.916.7106
                                        Facsimile: 804.916.7206
                                        Rhodes.Ritenour@leclairryan.com

                                        Jennifer N. Fountain (North Carolina Bar #26725)
                                        ISAACSON ISAACSON SHERIDAN &
                                        FOUNTAIN, LLP
                                        101 W. Friendly Avenue, Suite 400
                                        P.O. Box 1888
                                        Greensboro, NC 27402
                                        (336) 275.7626
                                        Facsimile: (336) 273.7293
                                        jfountain@iislaw.com
                                        ***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of May, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel named below.

>David Isaac Klass, Esq.
>Wharton Aldhizer & Weaver, PLC
>100 South Mason Street
>Harrisonburg, VA 22801
>Phone: (540) 434-0316
>Facsimile: (540) 434-5502
>tullrich@wawlaw.com
>
>Thomas E. Ullrich, Esq.
>Wharton Aldhizer & Weaver, PLC
>P.O. Box 20028
>Harrisonburg, VA 22801
>Phone: (540) 434-0316
>Facsimile: (540) 434-5502
>dklass@wawlaw.com

>　/s/ Rhodes B. Ritenour_____
>Rhodes B. Ritenour (Virginia Bar No. 71406)
>LeCLAIR RYAN
>Riverfront Plaza, East Tower
>951 East Byrd Street, Eighth Floor
>Richmond, VA 23219
>Telephone: 804.916.7106
>Facsimile: 804.916.7206
>Rhodes.Ritenour@leclairryan.com
>***Counsel for Defendant***